FILED
2025 Jun-06  AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:25-cv-00659-MHH ) |
| MAR PROPERTIES, LLC; MOBILE FLEET SPECIALISTS OF BIRMINGHAM, INC.; and CAMEO NICOLE WESTMORELAND, individually and as ADMINISTRATOR of the ESTATE of JOSHUA T. WESTMORELAND, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### DEFENDANT MOBILE FLEET SPECIALISTS OF BIRMINGHAM, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Mobile Fleet Specialists of Birmingham, Inc. ("Mobile Fleet") and files the following answer and asserts the following affirmative defenses to the Complaint [Doc. 1]:

### ANSWER

### Nature of the Claim

1.     Admitted that the Plaintiff has made those claims but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

2.     Admitted.

3.     Admitted.

1

4. Admitted that the Plaintiff has made those claims but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

5. Admitted.

6. Admitted, upon information and belief.

7. Admitted.

8. Admitted, upon information and belief.

## Jurisdiction and Venue

9. Admitted that the Court has jurisdiction over this matter but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

10. Admitted that venue is proper in this Court but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

## Facts and Background

11. Admitted.

12. Admitted that Mobile Fleet completed an insurance application, but otherwise Mobile Fleet lacks knowledge or information sufficient to either admit or deny the truth of the allegations stated in this paragraph.

13. Admitted that Mobile Fleet completed an insurance application, but otherwise Mobile Fleet lacks knowledge or information sufficient to either admit or deny the truth of the allegations stated in this paragraph.

14.    Admitted that Mobile Fleet completed an insurance application, but otherwise Mobile Fleet lacks knowledge or information sufficient to either admit or deny the truth of the allegations stated in this paragraph.

15.    Admitted that Plaintiff issued an insurance policy to Mobile Fleet, but otherwise Mobile Fleet lacks knowledge or information sufficient to either admit or deny the truth of the allegations stated in this paragraph.

16.    The subject policy speaks for itself.

17.    The subject policy speaks for itself.

18.    The subject policy speaks for itself.

19.    The subject policy speaks for itself.

20.    The subject policy speaks for itself.

21.    The subject policy speaks for itself.

22.    The subject policy speaks for itself.

23.    The subject policy speaks for itself.

24.    The subject policy speaks for itself.

25.    The subject policy speaks for itself.

26.    Admitted.

27.    The subject complaint and its amendments speak for themselves.

28.    The subject complaint and its amendments speak for themselves.

29.    The subject complaint and its amendments speak for themselves.

## Count I – Declaratory Judgment

30.    Mobile Fleet restates, and incorporates by reference, its responses to the preceding paragraphs.

31.    Denied.

32.    Admitted that Plaintiff seeks that relief but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

33.    Admitted that Plaintiff seeks that relief but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

34.    Admitted that Plaintiff seeks that relief but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

## Count II – Declaratory Judgment

35.    Mobile Fleet restates, and incorporates by reference, its responses to the preceding paragraphs.

36.    Denied.

37.    Denied.

38.    Admitted that Plaintiff seeks that relief but denied that Plaintiff's claims in this matter are meritorious and that Plaintiff is entitled to any requested relief.

## Prayer for Relief

A.    Mobile Fleet denies that Plaintiff is entitled to any requested relief.

## AFFIRMATIVE DEFENSES

1.    The Complaint [Doc. 1] fails to state a claim against Mobile Fleet upon which relief can be granted.

2.    Mobile Fleet asserts all available defenses under Fed. R. Civ. P. 12(b) and Fed. R. Civ. P. 15.

3.    Mobile Fleet denies each and every allegation of the Complaint [Doc. 1] not specifically admitted and demands strict proof thereof.

4. This matter is not ripe and should be stayed pending the outcome of related state court litigation.

5. The policy provides coverage for Mobile Fleet.

6. There is no causal connection between any of Mobile Fleet's actions and any damage or injury allegedly suffered by Plaintiff.

7. Mobile Fleet made the necessary individuals and entities aware of its coverage needs, including the locations to be covered, prior to the events giving rise to the related state court litigation.

8. Prior to the events giving rise to the related state court litigation, Plaintiff was aware, or should have been aware, that Mobile Fleet sought to cover the location where the events giving rise to the related state court litigation occurred.

9. The Complaint [Doc. 1] and each count thereof are barred in whole or in part by the applicable statute of limitations.

10. Plaintiff has not been damaged or injured as a consequence of any act or omission by Mobile Fleet.

11. Plaintiff has unclean hands.

12. Mobile Fleet pleads the general issue.

13. Mobile Fleet acted in good faith at all times material hereto.

14. Plaintiff owes a duty to Mobile Fleet as a first-party insured.

15. The insurance policy at issue is ambiguous.

16. Policy provisions render the insurance illusory.

17. Mobile Fleet pleads *contra preferentum*.

18.     Plaintiff's coverage position violates the enhanced obligation of good faith and fair dealing inherent in all insurance contracts.

19.     Plaintiff's coverage position is in bad faith.

20.     Mobile Fleet pleads mistake and/or mutual mistake.

21.     The policy at issue fails to meet the expectations of the average consumer.

22.     Mobile Fleet pleads waiver and/or estoppel.

23.     Plaintiff breached the contract at issue.

24.     This action will not "terminate the controversy" among the parties.

25.     This action fails to include all necessary and/or indispensable parties.

26.     This "controversy" is not of a justiciable nature, because it seeks an advisory decree upon a hypothetical state of facts.

27.     Plaintiff is not entitled to the relief it seeks.

28.     Mobile Fleet reserves the right to amend or add defenses as discovery progresses in this matter.

Respectfully submitted,

*/s/ James E. Murrill, Jr.*
Robert R. Riley, Jr. (ASB-0909-168A)
James E. Murrill, Jr. (ASB-4329-A57M)

OF COUNSEL:
**RILEY & JACKSON, P.C.**
3530 Independence Drive
Birmingham, Alabama 35209
(205) 879-5000 *telephone*
(205) 879-5901 *facsimile*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 6, 2025, a copy of the foregoing was electronically filed with the Clerk of the Court using the Pacer system, which sends notification of such filing to the following counsel of record in this cause:

Kenneth W. Boyles, Jr.
Maggie Arellano
PHELPS DUNBAR, LLP
2001 Park Place North, Ste. 700
Suite 1000
Birmingham, AL 35203
kenneth.boyles@phelps.com
maggie.arellano@phelps.com

A. Joe Peddy
Ethan R Dettling
SMITH SPIRES PEDDY HAMILTON & COLEMAN PC
3500 Colonnade Parkway
Suite 350
Birmingham, AL 35243
attorneys@ssp-law.com
Ethan@ssp-law.com

Keith T Belt, Jr.
William Ryan Myers
BELT, BRUNER & BARNETT PC
880 Montclair Road
Suite 300
Birmingham, AL 35213
keithb@beltlawfirm.com
ryanm@beltlawfirm.com


*/s/ James E. Murrill, Jr.*
OF COUNSEL

7