FILED

2026 Jul-17  PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

ELECTRONICALLY FILED
10/9/2023 4:19 PM
01-CV-2023-903604.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **CAMEO NICOLE  WESTMORELAND** | ) | |
| as Personal Representative and | ) | |
| Administrator of the Estate of | ) | |
| **JOSHUA T. WESTMORELAND**, | ) | |
| Deceased. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| V. | ) | |
| | ) | |
| **JON'S TREE SERVICE, LLC,** | ) | |
| a corporation;  **MAR PROPERTIES, LLC,** | ) | |

a corporation; and **No. 1**, whether singular or plural, that entity or those entities, that individual or those individuals who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; **No.2**, whether singular or plural, that entity or those entities, that individual or those individuals who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; **No.3**, whether singular or plural, that entity or those entities, that individual or those individuals who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No.4,** whether singular or plural, that entity or those entities, that individual or those individuals who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; **No.5**, whether singular or plural, that entity or those entities, that individual or those individuals which controlled or had the right to control the access or regress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; **No.6**, whether singular or plural, that entity or those entities, that individual or those individuals who or which planned, designed or constructed the building and/or the skylight involved in the occurrence made the basis of this lawsuit; **No.7** ,whether singular or plural, that entity or those entities, that individual or those individuals who or which was the architect, engineer, contractor or subcontractor involved in the planning, design or construction of the building and/or skylights involved in the occurrence made the basis of this lawsuit; **No.8**, whether singular or plural, that governmental entity or those governmental entities which had charge or control of the premises involved in the occurrence made the basis of this lawsuit; **No.9**, whether singular or plural, that entity or those entities, that individual or those individuals who or which conducted safety inspections at or with reference to the site, building and/or skylights involved in the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No.10**, whether singular or plural, that entity or those entities, including, but not limited to, the general liability insurance carrier of the entity which owned, occupied or maintained the premises involved in the occurrence made the basis of this lawsuit which conducted any safety inspection or analysis of, or with regard to the premises involved in the occurrence made the basis of this lawsuit at any time prior to said occurrence; **No.11**, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, for any of the named defendants or fictitious party defendants listed or named herein; **No.12**, whether singular or plural, that entity or those entities,  that individual or those individuals, other than those entities described above, whose breach of contract or warranty contributed to cause the

occurrence made the basis of this lawsuit; **No.13**, whether singular or plural, that entity or those entities, that individual or those individuals whose negligence, or wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of plaintiff's complaint; **No.14**, whether singular or plural, that entity or those entities, other than those entities described above, which is the successors in interest of those entities described above; **No. 15**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who had been delegated responsibility by their employer to provide plaintiff with a safe place to work or a reasonably safe work environment; **No. 16**, whether singular or plural, that person or those persons who were employees or executive officers of plaintiff's employer who were guilty of willful conduct on or before the occasion made the basis of this suit and whose willful conduct was a proximate cause of death of plaintiff's decedent; **No. 17**, whether singular or plural, that entity or those entities who or which had conducted safety inspection or analysis with respect to the work being done by, operations of, and or facilities of the accident site located at $3100 - 9^{th}$ Avenue North, Birmingham, Alabama, at any time before the occurrence made the basis of plaintiff's complaint; **No. 18**, whether singular or plural, that entity or those entities, that individual or those individuals, who or which was involved in planning which related in any way to the safety of the plaintiff's decedent on the execution of work being done at the time of the occurrence made the basis of this lawsuit; **No. 19**, whether singular or plural, that entity or those entities, that individual or those individuals who or which conducted safety inspections or analyses at or with reference to the site of the occurrence made the basis of this lawsuit, prior to the date of said occurrence; **No. 20**, whether singular or plural, any and all insurance carriers which made any visit to or loss control inspection of the work site where plaintiff's decedent was killed prior to the occurrence made the basis of plaintiff's complaint; **No. 21**, whether singular or plural, that entity or those entities, including but not limited to the workmen's compensation and comprehensive general liability insurance carrier of plaintiff's decedent's employer, which conducted safety inspections of plaintiff's decedent's employer, which conducted safety inspections of or with respect to plaintiff's decedent's work environment including, but not limited to the equipment, systems or methods utilized by plaintiff and/or plaintiff's decedent's employer on the occasion made the basis of this lawsuit; **No. 22**, whether singular or plural, that entity or those entities, that individual or those individuals who or which designed the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 23**, whether singular or plural, that entity or those entities, that individual or those individuals who or which manufactured or assembled the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 24**, whether singular or plural, that entity or those entities, that individual or those individuals who or which had any role in the distributive chain regarding the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith, from the date of manufacture of each said product through the date of its acquisition; **No. 25**, whether singular or plural, individual or individuals, that entity or those entities who or which, prior to the occurrence made the basis of this lawsuit altered or repaired the building and/or skylights involved in said occurrence, any component part thereof, or any attendant equipment used or available for use therewith; **No. 26**, whether singular or plural, that entity or those entities, that individual or those individuals who or which suggested or specified that the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part

thereof, or any attendant equipment be used as it was being used at the time of the occurrence; **No. 27**, whether singular or plural, that entity or those entities, that individual or those individuals who or which failed to warn or issued inadequate warnings or instructions regarding the use or operation of the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 28**, whether singular or plural, that entity or those entities which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the building and/or skylights involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 29**, whether singular or plural, that entity, that individual or those individuals who or which installed the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 30**, whether singular or plural, that person, or those persons that entity or those entities whose duty it was to maintain the building and/or skylights involved in the occurrence made the basis of this lawsuit from the time it was manufactured or assembled until the time of plaintiff's decedent's death; **No. 31**, whether singular or plural, that entity or those entities who or which was responsible for advertising the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof or any attendant equipment used or available for use therewith; **No. 32**, whether singular or plural, that entity or those entities who or which did any consulting work, i.e., advertising, engineering, etc., referable to the design, manufacture and/or assembly of the building and/or skylights involved in the occurrence made the basis of this lawsuit; **No. 33**, whether singular or plural, that entity or those entities, that individual or those individuals who or which tested, inspected, approved or issued any approval of the building and/or skylights involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith; **No. 34**, whether singular or plural, that entity or those entities which reinsured or provided excess coverage with relation to any self-insurance program provided by plaintiff's employer; **No. 35,** whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff's decedent's death on the occasion made the basis of this lawsuit (including, but not limited to, uninsured/underinsured motorist coverage, general liability, excess, or umbrella coverage); **No. 36**, whether singular or plural, that entity or those entities who or which provided any insurance coverage for any of the contractors involved, including, but not limited to Jon's Tree Service, LLC, for the defendants or any of the named fictitious parties defendant listed or described herein; **No. 37**, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 38**, whether singular or plural that individual or those individuals, that entity or those entities, who or which made the misrepresentations to Plaintiff as alleged in plaintiff's complaint; **No. 39**, whether singular or plural, that person or those persons, that entity or those entities who or which suppressed material facts from Plaintiff in connection with the matters complained of in Plaintiff's complaint; **No. 40**, whether singular or plural, that individual or those individuals, that entity or those entities, whose inducement contributed to cause Plaintiff's damages as alleged in this complaint; **No. 41**, whether singular or plural, that individual or those individuals, that entity or those entities, whose bad faith contributed to cause Plaintiff's damages as alleged in this complaint; **No. 42**, whether singular or plural, that individual or those individuals, that entity or those entities, whose failure to pay contributed to cause Plaintiff's damages as alleged in this complaint; **No. 43**, whether singular or plural, that

3

individual or those individuals, that entity or those entities, whose deceit and fraudulent deceit contributed to cause Plaintiff's damages as alleged in this complaint; **No. 44**, whether singular or plural, that individual or those individuals, that entity or those entities, whose fraud contributed to cause Plaintiff's damages as alleged in this complaint; **No. 45**, whether singular or plural, that individual or those individuals, that entity or those entities, whose promissory fraud contributed to cause Plaintiff's damages as alleged in this complaint**; No. 46**, whether singular or plural, that person or those persons, that entity or those entities, who or which participated in the matters alleged herein. Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to plaintiff at this time or, if their names are known to plaintiff their identities as proper parties defendant are not known to plaintiff at this time, and their true names will be substituted by amendment when ascertained.

)
Defendants.                                )

# C O M P L A I N T

## PARTIES

1.    Plaintiff, **CAMEO NICOLE  WESTMORELAND,** is bringing this suit in his individual capacity and as the duly appointed Personal Representative and Administrator of the Estate of **JOSHUA T. WESTMORELAND**, Deceased (hereinafter referred to as "Westmoreland or Plaintiff's Decedent". **CAMEO NICOLE  WESTMORELAND** is an individual over the age of nineteen (19) years and is a resident citizen of Jemison in Chilton County, Alabama, at the time of the occurrence made the basis of this suit.   Additionally, **JOSHUA T. WESTMORELAND**, was a resident citizen of Jemison, in Chilton County, Alabama prior to his death.

2.    Defendant, **JON'S TREE SERVICE, LLC,** (hereinafter referred to as "JON's) is a domestic corporation, incorporated in the State of Alabama and having its principal place of business in Alabaster, in Shelby County, Alabama, and at all times material times relating to the allegations in this complaint, did business in Birmingham, Jefferson County, Alabama.

3.    Defendant, **MAR PROPERTIES, LLC,** (hereinafter referred to as "MAR") is a domestic

4

corporation, incorporated in the State of Alabama and having its principal place of business in Birmingham, in Jefferson County, Alabama, and at all times material times relating to the allegations in this complaint, did business in Birmingham, Jefferson County, Alabama.

## FACTUAL BACKGROUND

4. The incident(s) made the basis of this suit occurred in Birmingham, Jefferson County, Alabama at a building located at 3100 – 9th Avenue North, Birmingham, Alabama 35203.

5. On or about July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, was employed and/or contracted by Defendant, **JON'S,** as a landscaper's helper and was working at vacant commercial building located at 3100 – 9th Avenue North, Birmingham, Alabama 35203. Defendant, **MAR,** was the owner of the premises and acting as the general contractor for the sub-contractor Defendant, **JON'S,** and supervising the work being performed at 3100 – 9TH Avenue North, Birmingham, Alabama.

6. On or about July 26, 2022, employees and/or agents of the Defendant, **MAR,** negligently and/or wantonly failed to provide fall protection to Plaintiff's decedent, **WESTMORELAND**. Plaintiff's decedent was exposed to fall hazards while working on the roof system at the commercial building located 3100 – 9TH Avenue North, Birmingham, Alabama. Plaintiff's decedent was not protected from falls, exposing him to a fall of over 30 feet. Specifically, Plaintiff's decedent was not protected from falling through skylights. The skylights were not covered or barricaded in any way. Also, no restraint or retention devices were provided. The Defendants negligently and/or wantonly failed to protect the skylights and failed to develop, implement, and/or maintain at the workplace an adequate hazard recognition and

5

communication program. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, the time of the subject incident.  As a result thereof, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet to his death.  He was twenty-seven years old at the time of his death and left a wife and two minor children.

## COUNT I

### (Negligence and/or Wantonness)

7.  Plaintiff re-adopts and re-alleges Paragraphs 1 through 6 as if fully set out herein.

8.  On or about July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, was employed and/or or contracted by Defendant, **JON'S,** as a landscaper's helper and was working at the vacant commercial building located at 3100 – 9th Avenue North, Birmingham, Alabama.  Defendant, **MAR**, was the premises owner and acting as the general contractor for Defendant, **JON'S,** and supervising the work being performed.

9.  On and/or prior to July 26, 2022, employees and/or agents of the Defendant, **MAR and/or JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 29, 40, 41, 42, 43, 44, 45, and/or 46, negligently and/or wantonly failed to provide fall protection to Plaintiff's decedent, **WESTMORELAND**.  Plaintiff's decedent was exposed to fall hazards while working on the roof system at a commercial building at 3100 – 9th Avenue North, Birmingham, Alabama.  Plaintiff's decedent was not protected from falls, exposing him to a fall of over 30 feet.  Specifically, Plaintiff's decedent was not protected from falling through

6

skylights.  The skylights were not covered or barricaded in any way.  Also, no restraint or retention devices were provided.  The Defendants negligently and/or wantonly failed to protect the skylights and failed to develop, implement, and/or maintain at the workplace an adequate hazard recognition and communication program. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, the time of the subject incident.  As a result thereof, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet to his death.  He was twenty-seven years old at the time of his death and left a wife and two minor children.

10. From a procedural aspect, this suit is brought against **MAR,** pursuant to *Code of Ala. § 25-5-11.* Additionally, this suit is brought against **JON'S** pursuant to the **Employer's Liability Act** as set out in *Code of Ala. § 25-6-1 (2005)* for the negligent and/or wanton acts outlined in Counts I, II, and III, set out herein.

11. At the aforesaid time and place, the Defendants, **MAR and/or JON'S,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had the right and undertook to supervise and control the method and manner of how the work was carried out.  Defendants negligently, recklessly, and/or wantonly supervised and controlled the manner and methods to be used when the employees and/or contractors of Defendant, **JON'S** were attempting to  work on the roof system.  Plaintiff's decedent, **WESTMORELAND** was not protected from falls, exposing him to a fall of over 30 feet.  Specifically, Plaintiff's decedent while working on the roof system of the existing built up roof was not protected from falling through skylights. The improperly protected skylight and/or other safety problems were not

7

corrected on or before July 26, 2022, at the time of the subject incident. As a result thereof, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet and died. The work carried out was in violation of OSHA Standards including but not limited to 29 CFR 1910 and/or 29 CFR 1926. The Defendants also negligently and/or wantonly failed to provide adequate safety training, protocols, and measures or sufficient safety equipment for employees of Defendant, **JON'S**. Defendants' negligent, willful, reckless, and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

12. The Defendants, **MAR and/or JON's.**, and fictitious party defendants numbered **1**, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had the right to and did control the equipment that was being used or provided and/or improperly used or improperly provided at the time of the incident, including any fall protection devices.

13. Defendants, **MAR and/or JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligently, willfully, recklessly, and/or wantonly failed to properly train and supervise the employees and/or contractors of Defendant, **JON'S,** including Plaintiff's decedent, **WESTMORELAND**, while working on the roof with skylights. The Defendants also negligently, willfully, recklessly, and/or wantonly failed to provide a safe work environment for all of the workers, including workers and/or contractors of Defendant, **JON'S ,** and specifically, Plaintiff's decedent, **WESTMORELAND**.

14. Defendants, **MAR and/or JON'S.**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34,

8

35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligent, willful, reckless, and/or wanton conduct was the proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

## COUNT II

### (Breach of Contract)

15.    Plaintiff re-adopts and re-alleges Paragraphs 1 through 14 as if fully set out herein.

16.    At the aforesaid time and place, Plaintiff's decedent, **WESTMORELAND,** was a third-party beneficiary of an express or implied contract between his employer and/or contractor, Defendant, **JON'S**, and Defendants, **MAR,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, pursuant to which the Defendants had a duty to provide, or, in the alternative to see that safety equipment or a safe work environment was provided for employees and/or contractors of Defendant, **JON'S**.  At the aforesaid time and place, the Defendants breached its contractual duty by failing to provide or, in the alternative, to see that safety equipment, fall protection devices, and/or a safe work environment was being provided to Plaintiff's decedent, **WESTMORELAND**, and said conduct was a proximate cause of his death.

17.    Plaintiff alleges that the death of **WESTMORELAND** was caused as a proximate consequence of the breach of contract or other wrongful conduct of the Defendants, **MAR,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46,  hereinabove described.

9

## COUNT III

### (Failure to Warn)

18.    Plaintiff re-adopts Paragraphs 1 through 17 as if fully set out herein.

19.    The Defendant, **MAR and/or JON'S,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, as the premise owner and general contractor for Defendant, **JON'S**, negligently, willfully, recklessly, and/or wantonly failed to warn Plaintiff's decedent, **WESTMORELAND** of the dangers associated with the roof, including the skylights due to its defective and unsafe condition as aforementioned and such negligent, willful, reckless, and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.  The Defendants negligently and/or wantonly failed to develop, implement, and/or maintain at the workplace a safety hazard assessment and communication program.  The work carried out was in violation of OSHA Standards including but not limited to  29 CFR 1910.

## COUNT IV

### (Worker's Compensation Act of Alabama and/or Employer's Liability Act)

20.    Plaintiff re-adopts and re-alleges Paragraphs 1 through 19 as if fully set out herein.

21.    Plaintiff claims of the Defendant, **JON'S**, and fictitious party defendants numbered **1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32,**

**33, 34**, **35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46,** benefits under the **Workers' Compensation Act of Alabama** for the wrongful death of Plaintiff's decedent, **WESTMORELAND**.  In the event there is no workers' compensation, Plaintiff claims of the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, benefits under the **Employer's Liability Act** as set out in *Code of Ala. § 25-6-1 (2005)*. **JON'S**, is liable for all of the negligent and/or wanton acts outlined above in this complaint in Counts I, II, and III above.  Plaintiff incorporates herein by reference all of the above allegations contained in Counts I, II, and III above.

22. On or about July 26, 2022, the relationship of employer and employee existed between the Plaintiff's decedent and Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, located in Alabaster, Shelby County, Alabama. Plaintiff's decedent and Defendant, **JON'S**, were on said date subject to the Workers' Compensation Act of Alabama, as amended, and/or the Employer's Liability Act.

23. Plaintiff further avers that while so employed and engaged in the business of the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, and while acting within the line and scope of employment with said Defendant, the Plaintiff's decedent died as a proximate result of an accident that arose out of and during the course of her employment by the Defendant as aforesaid.

24. A controversy has arisen as to the benefits to be paid by the Defendant, **JON'S**, and fictitious

party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, to the Plaintiff under the Workers' Compensation Act of Alabama, as amended, and/or the Employers Liability Act.  No settlement has been made between the Plaintiff and **JON'S** for and on account of said death of Plaintiff's decedent, **WESTMORELAND**.

25.    At the time of the aforesaid accident on or July 26, 2022, Plaintiff was performing his duties for Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, and, in performance of said duties, Plaintiff's decedent, **WESTMORELAND** was caused to die.

26.    Plaintiff further avers that the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had immediate legal and actual notice or knowledge of said injuries and claims, that the Defendant has refused and declined to pay the Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought without *Code of Ala. § 25-5-80* as last amended, and/or benefits under the Employer's Liability Act as set out in *Code of Ala. § 25-6-1 (2005)* for the purpose of recovering the amounts to which Plaintiff is entitled thereunder, including, but not limited to, benefits for the wrongful death of **WESTMORELAND**.

27.    Fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, whose more correct names and identities are unknown to Plaintiff at this time but will

12

be correctly named and identified when ascertained, are the respective persons and/or entities who or which are named fictitiously in the caption above.  Plaintiff re-alleges all the allegations in Paragraphs 1 through 26 against each of the fictitious parties.

WHEREFORE, Plaintiff claims of the Defendants such damages as Plaintiff is entitled to receive pursuant to the Wrongful Death Act, benefits under the Workers' Compensation Act of Alabama, compensatory damages under the Employer Liability Act.  Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiffs for the wrongful death of **JOSHUA WESTMORELAND**, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award compensatory damages and punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

*/s/Keith T. Belt, Jr.*
**KEITH T. BELT, JR. (BEL-026)**
**W. RYAN MYERS (MYE-014)**
Attorneys for Plaintiff

OF COUNSEL:
**BELT, BRUNER & BARNETT, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:     (205) 933-5500
E-Mail: keithb@beltlawfirm.com
        ryanm@beltlawfirm.com

13

## <u>JURY DEMAND</u>

Pursuant to Alabama Rules of Civil Procedure, Plaintiff demands a trial by jury on all counts herein in this action.

*/s/Keith T. Belt, Jr.*
OF COUNSEL

## <u>REQUEST FOR CERTIFIED MAIL SERVICE BY CLERK</u>

The Plaintiff hereby requests that the clerk serve the Defendants by certified mail, return receipt requested.

**<u>PLEASE SERVE DEFENDANTS WITH COMPLAINT VIA CERTIFIED MAIL TO:</u>**

**JON'S TREE SERVICE, LLC**
C/o Jon Pierce
216 Summer Brook Lane
Alabaster, AL 35007

**MAR PROPERTIES, LLC**
c/o Margaret M. Rickles
4102 Heather Hedge Lane
Birmingham, AL 35226

*/s/Keith T. Belt, Jr.*
OF COUNSEL