FILED
2026 Jul-17 PM 02:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 5

ELECTRONICALLY FILED
7/10/2025 3:56 PM
01-CV-2023-903604.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| CAMEO NICOLE WESTMORELAND, et al., ) | CONSOLIDATED CIVIL ACTIONS |
| Plaintiff, ) | |
| v. ) | MASTER FILE NO. 01-CV-2023-903604 |
| JON'S TREE SERVICE, LLC, et al., ) | |
| Defendants. ) | |

| | |
|---|---|
| JON'S TREE SERVICE LLC, ) | |
| Plaintiff, ) | |
| v. ) | No. 01-CV-2024-000125 |
| CAMEO WESTMORELAND, et al., ) | |
| Defendant/Counterclaim Plaintiffs ) | |
| v. ) | |
| JON'S TREE SERVICE LLC, et al., ) | |
| Counterclaim Defendants. ) | |

## AMENDED CONSOLIDATED COMPLAINT

Plaintiff, CAMEO NICOLE WESTMORELAND, pursuant to Rule 15 (a) and Rule 42(b) of the Alabama Rules of Civil Procedure, and amends her original Complaint, First Amended Complaint, Second Amended Complaint, and Consolidated Complaint. Plaintiff hereby incorporates, unless modified, all previous Complaints and amendments to the Complaint, Third-Party Complaints and amendments to Third-Party Complaints, and Counterclaims and amendments to Counterclaims and states as follows:

1

MF000206

## **PARTIES**

1.      Plaintiff, **CAMEO NICOLE WESTMORELAND,** is bringing this suit in his individual capacity and as the duly appointed Personal Representative and Administrator of the Estate of **JOSHUA T. WESTMORELAND**, Deceased (hereinafter referred to as "Westmoreland or Plaintiff's Decedent". **CAMEO NICOLE WESTMORELAND** is an individual over the age of nineteen (19) years at the time of the occurrence made the basis of this suit. **JOSHUA T. WESTMORELAND** was a resident citizen of Jemison, Chilton County, Alabama prior to his death.

2.      Plaintiff was the wife/spouse of **JOSHUA T. WESTMORELAND** at the time of his death. Plaintiff and Plaintiff's Decedent had two minor children: E.E.W., a daughter; and W.O.W., a son. Plaintiff further asserts claims as mother and next friend of **E.E.W.**, a minor, and as mother and next friend of **W.O.W**., a minor.

3.      Defendant, **JON'S TREE SERVICE, LLC,** (hereinafter referred to as "**JON's**") is a domestic corporation, incorporated in the State of Alabama and having its principal place of business in Alabaster, in Shelby County, Alabama, and at all times material times relating to the allegations in this complaint, did business in Birmingham, Jefferson County, Alabama.

4.      Defendant, **MAR PROPERTIES, LLC,** (hereinafter referred to as "**MAR**") is a domestic corporation, incorporated in the State of Alabama and having its principal place of business in Birmingham, in Jefferson County, Alabama, and at all times material times relating to the allegations in this complaint, did business in Birmingham, Jefferson County, Alabama.

5.      Defendant, **MOBILE FLEET SPECIALISTS OF BIRMINGHAM, INC.,** a corporation, (hereinafter referred to as "**MOBILE FLEET**") is a domestic corporation, incorporated in the State of Alabama and having its principal place of its garage operations business for heavy truck repair in  Jefferson County, Alabama, and at all times material times relating to the allegations in this complaint, did business in Birmingham, Jefferson County, Alabama.

2

MF000207

6.      Defendant, **JON PIERCE,** individually, (hereinafter referred to as "**PIERCE** is an individual, over the age of nineteen (19) years and is a resident citizen of Alabaster, in Shelby County, Alabama at the time of the occurrence made the basis of this suit.  Defendant, **PIERCE,** was at the time of the accident and is currently the owner and an employee of Defendant **JON'S TREE SERVICE, LLC,** (hereinafter referred to as "**JON'S**") who conducted business in Birmingham, Jefferson County, Alabama.

## FACTUAL BACKGROUND

7.      The incident(s) made the basis of this suit occurred in Birmingham, Jefferson County, Alabama at a building located at 3100 – 9th Avenue North, Birmingham, Alabama 35203.

8.      On or about July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, was engaged, employed and/or contracted by Defendant, **JON'S,** as a landscaper's helper and was working at vacant commercial building located at 3100 – 9th Avenue North, Birmingham, Alabama 35203. Defendant, **MAR,** was the owner of the premises and acting as the general contractor as was **MOBILE FLEET** who had control and use of the premises for its  garage operations business  for heavy truck repair and who also had control as a general contractor for the sub-contractor Defendant, **JON'S,** and supervising the work being performed at 3100 – 9TH Avenue North, Birmingham, Alabama.

9.      On or about January 7, 2022, Defendant, **MOBILE FLEET,** leased the subject property where the accident occurred, 3100 – 9th Avenue North, Birmingham, Alabama 35203, from Defendant, **MAR PROPERTIES, LLC.** Defendant, **MOBILE FLEET**, had control of said premises and was in the process of conducting maintenance and improvements  to said location when the fall occurred. Plaintiff's accident occurred on July 26, 2022, while **MOBILE FLEET** was in control of the subject property for the purpose of operating its heavy truck repair business there.  It was also acting as a general contractor making improvement services to the location of the accident that it leased from Defendant, **MAR PROPERTIES, LLC**.

3

MF000208

10. On or about July 26, 2022, employees and/or agents of the Defendants, **MAR, MOBILE FLEET,** and **JON"S** negligently and/or wantonly failed to provide fall protection and critical information about the latent dangers on the premises to Plaintiff's decedent, **WESTMORELAND**. Plaintiff's decedent was exposed to fall hazards while working on the roof system at the commercial building located 3100 – 9ᵀᴴ Avenue North, Birmingham, Alabama. Plaintiff's decedent was not protected from falls, exposing him to a fall of over 30 feet.

11. Specifically, Plaintiff's decedent was not protected from falling through skylights. The skylights were not covered or barricaded in any way. Also, no restraint or retention devices were provided. The Defendants negligently and/or wantonly failed to protect the skylights and failed to develop, implement, and/or maintain at the workplace an adequate hazard recognition and communication program. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, the time of the subject incident. As a result, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet to his death. He was twenty-seven years old at the time of his death and left a wife and two minor children.

## COUNT I
### (Negligence and/or Wantonness)

12. Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

13. On or about July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, was engaged, employed and/or or contracted by Defendant, **JON'S,** as a landscaper's helper and was working at the vacant commercial building located at 3100 – 9ᵗʰ Avenue North, Birmingham, Alabama.

14. Defendant **MAR** was the premises owner and acting as the general contractor for Defendant **JON'S** and supervising the work being performed. Defendant, **MOBILE FLEET,** leased and was in control of the subject property where the accident occurred from Defendant **MAR.** Defendant, **MOBILE FLEET**, had control and use of the premises for its garage operations business

4

MF000209

for heavy truck repair and was in the process of maintaining and making improvements to said location when the fall occurred.  Plaintiff's accident occurred on July 26, 2022, while **MOBILE FLEET** and **JON"S** were in joint control of the work environment on the subject property as a general and/or subcontractor and both were operating business there.

15.  On and/or prior to July 26, 2022, employees and/or agents of the Defendant **MOBILE FLEET**, **MAR and/or JON'S**, and **PIERCE** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 29, 40, 41, 42, 43, 44, 45, and/or 46, negligently and/or wantonly failed to provide a safe workplace for all employees, contractors licensees and invitees who could be on the roof of the workplace, including **WESTMORELAND**.  None of the defendants provided fall protection to Plaintiff's decedent, **WESTMORELAND**.  Plaintiff's decedent was exposed to fall hazards while on the roof system at a commercial building at 3100 – 9th Avenue North, Birmingham, Alabama.  Plaintiff's decedent was not warned about nor protected from falls, exposing him to a fall of over 30 feet.  Specifically, Plaintiff's decedent was not protected from falling through skylights.  The skylights were not covered or barricaded in any way.  Also, no restraint or retention devices were provided.  The Defendants negligently and/or wantonly failed to protect the skylights and failed to develop, implement, and/or maintain at the workplace an adequate hazard recognition and communication program. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, the time of the subject incident.  As a result thereof, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet to his death.  He was twenty-seven years old at the time of his death and left a wife and two minor children.

16.  From a procedural aspect, this suit is brought against **MOBILE FLEET**, **MAR, JON's, and PIERCE** pursuant to *Code of Ala. §§ 25-5-11 and 6-5-410*.  Additionally, this suit is brought in the alternative (based on the unclear legal status of Joshua Westmoreland) against **JON'S**

5

MF000210

pursuant to the **Employer's Liability Act** as set out in *Code of Ala. § 25-6-1 (2005)* for the negligent and/or wanton acts outlined in Counts I, II, and III, set out herein.  Because the decedent Joshua Westmoreland's status relative to the defendants is unclear and remains a fact question to be decided by the jury, this Complaint is intentionally pled in the alternative with independent liability as well as employee- based claims.

17.    At the aforesaid time and place, the Defendants **MOBILE FLEET**, **MAR, PIERCE and/or JON'S,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had the right and undertook to supervise and control the workplace premises and the method and manner of how the work was carried out.  The Defendants owed a duty to make sure the roof was safely maintained for all persons who would be expected to be on the roof regardless of their legal status. Defendants negligently, recklessly, and/or wantonly supervised and controlled the premises and the manner and methods to be used when the workers or other persons were present and/or attempting to work on the roof system.  Plaintiff's decedent, **WESTMORELAND** was not protected from falls, exposing him to a fall of over 30 feet.  Specifically, Plaintiff's decedent while working on the roof system of the existing built-up roof was not protected from falling through skylights. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, at the time of the subject incident.  As a result thereof, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet and died.   The work carried out was in violation of OSHA Standards including but not limited to 29 CFR 1910 and/or 29 CFR 1926. The Defendants also negligently and/or wantonly failed to provide adequate safety training, protocols, and measures or sufficient safety equipment for workers or other persons who may be present on the roof.  Defendants' negligent, willful, reckless, and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

6

MF000211

18.    The Defendants **MOBILE FLEET**, **MAR, PIERCE and/or JON's.**, and fictitious party defendants numbered **1**, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had the right to and did control the roof premises and the equipment that was being used or provided and/or improperly used or improperly provided at the time of the incident, including any fall protection devices.

19.    Defendants **MOBILE FLEET**, **MAR, PIERCE and/or JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligently, willfully, recklessly, and/or wantonly failed to properly warn, train and supervise the workers or other persons on the roof **,** including Plaintiff's decedent, **WESTMORELAND.**.    The Defendants also negligently, willfully, recklessly, and/or wantonly failed to provide a safe work environment for all employees, contractors, licensees and invitees and specifically, Plaintiff's decedent, **WESTMORELAND**.

20.    Defendants, **MOBILE FLEET**, **MAR and/or JON'S.**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligent, willful, reckless, and/or wanton conduct was the proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

WHEREFORE, Plaintiff demands judgment against each named and fictitious Defendant, jointly and severally, in an amount that exceeds the jurisdictional limits of this Court, to be determined by a struck jury. Plaintiff requests a verdict in Plaintiff's favor and against each Defendant, named and fictitious, and an award of punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts, together with the cost of this proceeding. Plaintiff further requests that the Court enter judgment consistent with the verdict.

## COUNT II

7

MF000212

**(Breach of Contract)**

21.    Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

22.    At the aforesaid time and place, Plaintiff's decedent, **WESTMORELAND,** was a third-party beneficiary of an express or implied contract between Defendant **JON'S** and Defendants **MOBILE FLEET**, **MAR,** and/or fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, pursuant to which the Defendants had a duty to provide, or, in the alternative to see that safety equipment or a safe work environment was provided for workers.  At the aforesaid time and place, the Defendants breached its contractual duty by failing to provide or, in the alternative, to see that fall hazard information, safety equipment, fall protection devices, and/or a safe work environment was being provided to Plaintiff's decedent, **WESTMORELAND**, and said conduct was a proximate cause of his death.

23.    Plaintiff alleges that the death of **WESTMORELAND** was caused as a proximate consequence of the breach of contract or other wrongful conduct of the Defendants **MOBILE FLEET**, **MAR,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, hereinabove described.

WHEREFORE, Plaintiff demands judgment against each named and fictitious Defendant, jointly and severally, in an amount that exceeds the jurisdictional limits of this Court, to be determined by a struck jury. Plaintiff requests a verdict in Plaintiff's favor and against each Defendant, named and fictitious, and an award of punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts, together with the cost of this proceeding. Plaintiff further requests that the Court enter judgment consistent with the verdict.

MF000213

## COUNT III
### (Failure to Warn)

24.     Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

25.     The Defendant, **MOBILE FLEET**, **MAR, PIERCE and/or JON'S,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, as the premise owner, lessee and/or general contractor  negligently, willfully, recklessly, and/or wantonly failed to warn Plaintiff's decedent, **WESTMORELAND** of the dangers associated with the roof, including the skylights due to its defective and unsafe condition as aforementioned and such negligent, willful, reckless, and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

26.     The Defendants negligently and/or wantonly failed to develop, implement, and/or maintain at the workplace a safety hazard assessment and communication program.  The work carried out was in violation of OSHA Standards including but not limited to 29 CFR 1910.

WHEREFORE, Plaintiff demands judgment against each named and fictitious Defendant, jointly and severally, in an amount that exceeds the jurisdictional limits of this Court, to be determined by a struck jury. Plaintiff requests a verdict in Plaintiff's favor and against each Defendant, named and fictitious, and an award of punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts, together with the cost of this proceeding. Plaintiff further requests that the Court enter judgment consistent with the verdict.

## COUNT IV
### (Worker's Compensation Act of Alabama and/or Employer's Liability Act)

27.     Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

28.     Plaintiff, **CAMEO NICOLE WESTMORELAND,** was the wife/spouse of

9

MF000214

**JOSHUA T. WESTMORELAND**, at the time of his death. Plaintiff and Plaintiff's Decedent had two minor children E.E.W., a daughter; and W.O.W., a son. Plaintiff and her two minor children are entitled to compensation and/or death benefits pursuant to Ala. Code § 25-5-60; 25-5-62; and 25-5-66.

29.     Plaintiff claims of the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, benefits under the Workers' Compensation Act of Alabama, if he is deemed to be an employee, for the wrongful death of Plaintiff's decedent, **WESTMORELAND**.

30.     In the event there is no workers' compensation, Plaintiff claims of the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, benefits under the **Employer's Liability Act** as set out in *Code of Ala. § 25-6-1 (2005)*. **JON'S**, is liable for all of the negligent and/or wanton acts outlined above in this complaint in Counts I, II, and III above.  Plaintiff incorporates herein by reference all of the above allegations contained in Counts I, II, and III above.

31.     On or about July 26, 2022, the relationship of employer and employee may have existed between the Plaintiff's decedent and Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, located in Alabaster, Shelby County, Alabama. Plaintiff's decedent and Defendant, **JON'S**, if he was an employee, were on said date subject to the Workers' Compensation Act of Alabama, as amended, and/or the Employer's Liability Act.

32.     Plaintiff further avers that while so employed and engaged in the business of the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14,

10

MF000215

15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, and while acting within the line and scope of employment (if so found) with said Defendant, the Plaintiff's decedent died as a proximate result of an accident that arose out of and during the course of his employment by the Defendant as aforesaid.

33.    A controversy has arisen as to the benefits to be paid by the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, to the Plaintiff under the Workers' Compensation Act of Alabama, as amended, and/or the Employers Liability Act.  No settlement has been made between the Plaintiff and **JON'S** for and on account of said death of Plaintiff's decedent, **WESTMORELAND**.

34.    At the time of the aforesaid accident on or July 26, 2022, Plaintiff was performing his duties for Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, and, in performance of said duties, Plaintiff's decedent, **WESTMORELAND** was caused to die.

35.    Plaintiff further avers that the Defendant, **JON'S**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had immediate legal and actual notice or knowledge of said injuries and claims, that the Defendant has refused and declined to pay the Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought without *Code of Ala. § 25-5-80* as last amended, and/or benefits under the Employer's Liability Act as set out in *Code of Ala. § 25-6-1 (2005)* for the purpose of recovering the amounts to which Plaintiff is entitled thereunder, including, but not limited to, benefits for the wrongful death of **WESTMORELAND**.

11

MF000216

36.     Fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, whose more correct names and identities are unknown to Plaintiff at this time but will be correctly named and identified when ascertained, are the respective persons and/or entities who or which are named fictitiously in the caption above.  Plaintiff re-alleges all the allegations in Paragraphs 1 through 26 against each of the fictitious parties.

WHEREFORE, Plaintiff claims of the Defendants such damages as Plaintiff is entitled to receive pursuant to the Wrongful Death Act, benefits under the Workers' Compensation Act of Alabama, compensatory damages under the Employer Liability Act.  Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party Defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, which will fairly and adequately compensate the Plaintiffs for the wrongful death of **JOSHUA WESTMORELAND**, together with interest from the date of injury, and the cost of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award compensatory damages and punitive damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT V
**VERIFIED COMPLAINT**
**(Claim for Death Benefits Pursuant to the Alabama Workers Compensation Act)**

37.     Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

38.     Plaintiff hereby adopts and incorporates her allegations and verification of Count V, Verified Amended Complaint, Claim for Death Benefits Pursuant to the Alabama Workers Compensation Act, as stated in her First Amended Complaint in Cameo Westmoreland v. Jon's Tree Service, LLC, et al., Circuit Court of Jefferson County, Alabama, Case No.: 01-CV-2023-903604 (Doc.53),

12

attached hereto as "Exhibit A," which states as follows:

a.  Plaintiff**, E.E.W., is a minor child,** who at the time of the incident made the basis of this lawsuit, was a resident of Jemison, in Chilton County, Alabama. Plaintiff brings this lawsuit by and through her mother and next friend, **CAMEO NICOLE WESTMORELAND.**

b.  Plaintiff**, W.O.W., is a minor child,** who at the time of the incident made the basis of this lawsuit, was a resident of Jemison, in Chilton County, Alabama. Plaintiff brings this lawsuit by and through his mother and next friend, **CAMEO NICOLE WESTMORELAND.**

c.  On or about July 26, 2022, **JOSHUA WESTMORELAND** was an employee of Defendant, **JON'S TREE SERVICE, LLC.** While working in the line and scope of his employment on said date, **JOSHUA WESTMORELAND** suffered severe physical injuries that proximately caused his death on August 9, 2022.

d.  **JOSHUA WESTMORELAND** was the father of the minor Plaintiffs, **E.E.W. and W.O.W.**

e.  At the time of his injury and subsequent death, and for some period of time prior thereto, **JOSHUA WESTMORELAND** provided financial support to **E.E.W. and W.O.W.** necessary for their welfare, health, and wellbeing.

f.  At the time of **JOSHUA WESTMORELAND**'s aforementioned injury and death, **E.E.W. and W.O.W**. were dependents of **JOSHUA WESTMORELAND** pursuant to the Alabama Worker's Compensation Act.

WHEREFORE, Plaintiff claims of the Defendants such damages as Plaintiff is entitled to receive pursuant to the Wrongful Death Act, benefits under the Workers' Compensation Act of Alabama, compensatory damages under the Employer Liability Act. Plaintiff demands judgment

13

against each named and fictitious Defendant, jointly and severally, in an amount that exceeds the jurisdictional limits of this Court, to be determined by a struck jury. Plaintiff requests a verdict in Plaintiff's favor and against each Defendant, named and fictitious, and an award of punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts, together with the cost of this proceeding. Plaintiff further requests that the Court enter judgment consistent with the verdict.

## <u>COUNT VI</u>
**(Negligence and/or wantonness against PIERCE)**

39.     Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

40.     On or about July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, was working at the vacant commercial building located at 3100 9th Avenue North, Birmingham, Alabama.  Defendants **MAR and/or MOBILE FLEET**, was the premises owner and/or had control of the premises and was acting as the general contractor for Defendant, **PIERCE and/or JON's,** and in charge of the worksite, as well as managing and/or supervising the workers  like **WESTMORELAND**, over the work being performed.

41.     On and/or prior to July 26, 2022, Defendant, **PIERCE**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 29, 40, 41, 42, 43, 44, 45, and/or 46, negligently and/or wantonly failed to provide proper instruction and fall protection to Plaintiff's decedent, **WESTMORELAND**. Plaintiff's decedent was exposed to fall hazards while working on the roof system at a commercial building at 3100 – 9th Avenue North, Birmingham, Alabama.  Plaintiff's decedent was not protected from falls, exposing him to a fall of over 30 feet.  Specifically, Plaintiff's decedent was not protected from falling through skylights.  The skylights were not covered or barricaded in any way.  Also, no restraint or retention devices were provided.  The Defendants negligently and/or wantonly failed to protect the

14

MF000219

skylights and failed to develop, implement, and/or maintain at the workplace an adequate hazard recognition and communication program. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, the time of the subject incident. As a result thereof, on July 26, 2022, Plaintiff's decedent, **WESTMORELAND**, fell through a skylight over 30 feet to his death. He was twenty-seven years old at the time of his death and left a wife and two minor children.

42. From a procedural aspect, this suit is brought against **MOBILE FLEET, MAR, JON's and PIERCE,** pursuant to Code of Ala. §§ 25-5-11 and/or 6-5-410. Additionally, this suit is brought in the alternative (based on the unclear status of Joshua Westmoreland) against **JON'S** pursuant to the Employer's Liability Act as set out in Code of Ala. § 25-6-1 for the negligent and/or wanton acts outlined in Counts I, II, and III, set out herein. Because the decedent Joshua Westmoreland's status is unclear and remains a fact question to be decided by the jury, this Complaint is intentionally pled in the alternative with independent liability and employee- based claims.

43. At the aforesaid time and place, the Defendant, **PIERCE,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had the right and undertook to manage, supervise and control the roof premises and the method and manner of who was on the roof and how the work was carried out. Defendant negligently, recklessly, and/or wantonly managed, supervised and controlled the premises, and the manner and methods to be used by the workers. **PIERCE** failed to protect Plaintiff's decedent, **WESTMORELAND** from falls, exposing him to a fall of over 30 feet. Specifically, **PIERCE** failed to protect and cover and warn of the skylights. He also failed to provide adequate and proper management on site who would insure proper safety procedures were followed. The improperly protected skylight and/or other safety problems were not corrected on or before July 26, 2022, at the time of the subject incident. As a result thereof, on July 26, 2022, Plaintiff's

15

MF000220

decedent, **WESTMORELAND**, fell through a skylight over 30 feet and died.   The work carried out was in violation of OSHA Standards. The Defendants, including **PIERCE,** negligently and/or wantonly failed to provide adequate safety training, protocols, management, and measures or sufficient safety equipment for workers expected to be on the subject roof. . Defendants' negligent, willful, reckless, and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

44.     The Defendant, **PIERCE**, and fictitious party defendants numbered **1**, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, had the right to and did control the premises and the equipment that was being used or provided and/or improperly used or improperly provided at the time of the incident, including any fall protection devices.

45.     Defendant, **PIERCE**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligently, willfully, recklessly, and/or wantonly failed to properly train and supervise the management employees  of Defendant, **JONS AND/OR PIERCE, and failed to properly train and supervise workers** including Plaintiff's decedent, **WESTMORELAND.**.  The Defendants also negligently, willfully, recklessly, and/or wantonly failed to provide a safe work environment for all of the workers, and specifically, Plaintiff's decedent, **WESTMORELAND**.

46.     Defendants, **PIERCE**, and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligent, willful, reckless, and/or wanton conduct was the proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.

WHEREFORE, Plaintiff demands judgment against each named and fictitious Defendant, jointly and severally, in an amount that exceeds the jurisdictional limits of this Court, to be determined

16

MF000221

by a struck jury. Plaintiff requests a verdict in Plaintiff's favor and against each Defendant, named and fictitious, and an award of punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts, together with the cost of this proceeding. Plaintiff further requests that the Court enter judgment consistent with the verdict.

## COUNT VII
### (Breach of Contract for Defendant PIERCE)

47.    Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

48.    At the aforesaid time and place, Plaintiff's decedent, **WESTMORELAND,** was a third-party beneficiary of an express or implied contract between Defendant **PIERCE** and Defendants, **JON'S, MAR, and/or MOBILE FLEET,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, pursuant to which the Defendants had a duty to provide, or, in the alternative to see that safety equipment or a safe work environment was provided for workers.  At the aforesaid time and place, the Defendants breached its contractual duty by failing to provide or, in the alternative, to see that safety equipment, fall protection devices, and/or a safe work environment was being provided to Plaintiff's decedent, **WESTMORELAND**, and said conduct was a proximate cause of his death.

49.    Plaintiff alleges that the death of **WESTMORELAND** was caused as a proximate consequence of the breach of contract or other wrongful conduct of the Defendants, **PIERCE,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46,  hereinabove described.

## COUNT VIII
### (Failure to Warn for Defendant PIERCE)

17

MF000222

50.    Plaintiff re-adopts and re-alleges the foregoing Paragraphs as if fully set out herein.

51.    The Defendant, **PIERCE,** and fictitious party defendants numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46, negligently, willfully, recklessly, and/or wantonly failed to warn Plaintiff's decedent, **WESTMORELAND** of the dangers associated with the roof, including the skylights due to its defective and unsafe condition as aforementioned and such negligent, willful, reckless, and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent, **WESTMORELAND**.  The Defendants negligently and/or wantonly failed to develop, implement, and/or maintain at the workplace a safety hazard assessment and communication program.   The work carried out was in violation of OSHA Standards.

WHEREFORE, Plaintiff demands judgment against each named and fictitious Defendant, jointly and severally, in an amount that exceeds the jurisdictional limits of this Court, to be determined by a struck jury. Plaintiff requests a verdict in Plaintiff's favor and against each Defendant, named and fictitious, and an award of punitive damages to the Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts, together with the cost of this proceeding. Plaintiff further requests that the Court enter judgment consistent with the verdict.

*/s/Keith T. Belt, Jr.*
**KEITH T. BELT, JR. (BEL-026)**
**W. RYAN MYERS (MYE-014)**
Attorneys for Plaintiff

OF COUNSEL:
**BELT, BRUNER & BARNETT, P.C.**
880 Montclair Road, Suite 300
Birmingham, AL 35213
Phone:  (205) 933-1500
Fax:     (205) 933-5500
E-Mail: keithb@beltlawfirm.com
        ryanm@beltlawfirm.com

18

MF000223

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on July 10, 2025, I electronically filed the foregoing with the Clerk of the Court, using the ALAFILE system which will send notification of such filing to the following registered persons and that those persons not registered with the ALAFILE system were served by placing a copy of same in the United States Mail, First Class Postage Prepaid, to:

**<u>JON'S TREE SERVICE, LLC</u>**
George David Ray, Esq.
H. Dean Mooty, Jr., Esq.
MOOTY & ASSOCIATES, P.C.
600 Clay Street
Montgomery, AL 36104
E.:     hdm@mooty-assoc.com
        gdr@mooty-assoc.com

**<u>JON PIERCE</u>**
William F. Smith II, Esq.
Jenniver Whitworth, Esq.
VERNIS & BOWLING OF BIRMINGHAM, LLC
2021 3rd Avenue North, 2nd Floor
Birmingham, AL 35203
E.:     wsmith@alabama-law.com
E.:     jwhitworth@alabama-law.com

**<u>MAR PROPERTIES, LLC</u>**
A. Joe Peddy, Esq.
Clarence Rivers, IV, Esq.
SMITH, SPIRE, PEDDY, HAMILTON & COLEMAN, P.C.
3500 Colonnade Parkway, Suite 350
Birmingham, AL 35243
E.:     ajp@ssp-law.com
        crivers@ssp-law.com

Felicia A. Long, Esq.
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
E.:     flong@hillhillcarter.com

**<u>MOBILE FLEET SPECIALISTS</u>**
Christopher J. Zulanas, Esq.
Daniel R. Pickett, Esq.
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

MF000224

P.:     205-278-7001
F.:     205-278-7001
E.:     czulanas@friedman-lawyers.com
E.:     dpickett@friendman-lawyers.com

_/s/Keith T. Belt, Jr._
OF COUNSEL

20

MF000225